UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

NYQUEST ALLEN

          Plaintiff,

  -against-              9:24-CV-332 (LEK/TWD)

SANDERSON, *et al.*,

          Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On March 8, 2024, pro se Plaintiff Nyquest Allen filed a complaint pursuant to 42 U.S.C. § 1983, asserting claims arising out of his confinement at the Onondaga County Justice Center. Dkt. No. 1 ("Complaint"). Plaintiff also filed a request to proceed *in forma pauperis* ("IFP"). Dkt. No. 2 ("IFP Application"). In a Memorandum-Decision and Order filed on April 30, 2024, the Court granted Plaintiff's IFP Application and reviewed the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 11 ("April Order"). The Court directed Sanderson, Murphy, and Apple (collectively, "Defendants") to respond to Plaintiff's Fourteenth Amendment excessive force and failure-to-intervene claims. <u>See id.</u> Defendants were served on May 24, 2024, <u>see</u> Dkt. Nos. 26, 28, and 29, and filed an answer on July 22, 2024, Dkt. No. 44.

Presently before the Court are the following motions and letters: (1) Plaintiff's motions and letters for appointment for counsel, Dkt. Nos. 16, 21, 31 (collectively, "Counsel Motions"); (2) Plaintiff's motion for preliminary injunctive relief, Dkt. No. 17 ("Motion for Preliminary Injunction"); (3) Plaintiff's motions for legal advice and discovery assistance, Dkt. No. 18

("Motion for Legal Advice"), Dkt. No. 20 ("Request for Subpoena Advice"), Dkt. No. 22 ("Witness Request"), Dkt. No. 23 ("Motion for Subpoenas"), Dkt. No. 24 ("Request for AG Conference and Subpoenas") Dkt. No. 30 ("Second Request for Subpoena Advice"), Dkt. No. 41 ("FOIL Request"), Dkt. No. 43 ("FOIL Letter") (collectively, "Discovery Requests"); (4) Plaintiff's motions regarding summary judgment, Dkt. No. 24 ("Request to File for Summary Judgment"), Dkt. No. 25 ("Second Request to File for Summary Judgment"); Dkt. No. 27 ("Motion for Summary Judgment"); and (5) Plaintiff's motions and letters regarding default judgment, Dkt. No. 33 ("Motion for Default Judgment), Dkt. No. 35 ("Letter in Support of Default"), Dkt. No. 37 ("Second Letter in Support of Default"), Dkt. No. 38 ("Third Letter in Support of Default"), Dkt. No. 39 ("Fourth Letter in Support of Default"), and Dkt. No. 40 (collectively, "Default Requests").

For the reasons set forth below, Plaintiff's motions and letters are denied.

## II.     BACKGROUND

The Court assumes familiarity with Plaintiff's factual allegations in the Complaint, as detailed in the April Order. See Apr. Order at 2.

## III.    LEGAL STANDARD

### A. Motion for Counsel

There is no right to appointment of counsel in civil matters. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).

In deciding whether to appoint counsel, a court should first determine whether the indigent's position seems likely to be of substance. See Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). If the claim meets this threshold requirement, a court then considers several other factors in making its determination. See id. These factors include:

> [the] indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination. None of these factors are controlling, however, and each case should be decided on its own facts.

Id. (quoting Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986)).

**B. Preliminary Injunction**

To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Id. at 35 n. 4 (internal quotation marks omitted). Further, "the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Candelaria v. Baker, No. 00-CV-912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (collecting cases).

"[P]laintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir.

2016) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111–12 (1983)). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." Id.

### C. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). While Rule 56(b) allows a motion for summary judgment to be made "at any time," courts will "routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." Toussie v. Allstate Ins. Co., 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016); see also Fed. R. Civ. P. 56(b).

### D. Default Judgment

Under Federal Rule of Civil Procedure 55, a plaintiff must first seek a clerk's entry of default before filing a motion for default judgment. When there has not been an entry of default by the clerk, a motion for default judgment is considered premature. See Johnson v. Ault, No. 22-CV-474, 2022 WL 3128996, at *4 (N.D.N.Y. Jun. 21, 2022), affirmed and adopted, 2022 WL 2865972 (N.D.N.Y. Jul. 21, 2022) (Kahn, J.). Additionally, "[n]otice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." Robertson v. Doe., No. 05-CV-46, 2008 WL 2519894, at *3 (S.D.N.Y. Jun. 19, 2008).

4

## IV. DISCUSSION

### A. Motion for Counsel

First, the Court evaluates the Counsel Motions. For the reasons that follow, the Counsel Motions are denied.

In deciding whether to appoint counsel, a court "should first determine whether the indigent's position seems likely to be of substance." Terminate Control Corp., 28 F.3d at 1341. A plaintiff generally does not meet this requirement if they provide only allegations in a complaint and do not provide evidence to support those allegations. See Vanwyckhouse v. Plastics, No. 23-CV-101, 2023 WL 1816240, at *2 (N.D.N.Y. Feb. 8, 2023) (citing Harmon v. Runyon, No. 96-CV-6080, 1997 WL 118379, at *1 (S.D.N.Y. Mar. 17, 1997)).

Plaintiff has only provided allegations from his Complaint and has not provided evidence to support those allegations. See generally Counsel Mots. Since the Court cannot use allegations to determine whether a claim is likely to be of substance, the Court finds that appointment of counsel is not warranted at this time. After the parties have undertaken discovery and created a factual record, Plaintiff may choose to file a new motion for appointment of counsel. See Grefer v. Chirco, No. 23-CV-174, 2023 WL 2988897, at *4 (N.D.N.Y. Apr. 18, 2023) (giving a plaintiff leave to renew a motion for counsel after dismissing motion for counsel for to lack of evidence before the court). Plaintiff's Counsel Motions are denied without prejudice.

### B. Preliminary Injunction

Plaintiff has filed a motion for preliminary injunctive relief and seeks an "order of protection" against Defendants to "keep them away from myself, food [etc.]." See Mot. for Prelim. Inj. at 1. For the reasons that follow, Plaintiff's request is denied.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Candelaria, 2006 WL 618576, at *3 (citing cases) (internal quotation marks omitted); see also Stewart v. U.S. I.N.S., 762 F.2d 193, 198–99 (2d Cir. 1985) (affirming denial of injunctive relief because the plaintiff sought a preliminary injunction by "present[ing] issues which are entirely different from those which were alleged in his original complaint"); Williams v. N.Y.C. Dept. of Corr., No. 19-CV-3347, 2020 WL 7079497, at *3 (S.D.N.Y. Dec. 3, 2020) (denying request for a temporary restraining order that alleged issues involving "conduct of an entirely different character than the conduct alleged in the Consolidated Complaints"); Scarbrough v. Evans, No. 19-CV-850, 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (denying motion for preliminary injunction that alleged the use of excessive force and denial of medical care by non-parties where the complaint alleged denial of mental health care and proper conditions of confinement).

As noted *supra*, the claims in this case involve Fourteenth Amendment excessive force and failure-to-intervene claims related to an incident that allegedly occurred on January 7, 2024. See April Ord. at 7–8. Plaintiff's Motion for Preliminary Injunction lacks any allegations suggesting that the requested relief is related to those causes of action. Because Plaintiff has failed to link his request for injunctive relief to any of the underlying claims, there is no basis for the Court to grant a preliminary injunction.

Furthermore, the Court finds that Plaintiff lacks standing to pursue the relief. "[P]laintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." Nicosia, 834 F.3d at 239 (quoting Lyons, 461 U.S. at 111–12). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to

6

seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." Id.; see also Garcia v. Arevalo, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. Jun. 27, 1994) ("Even if Plaintiff successfully shows that [certain alleged] beatings actually took place . . . this Court may not rest a finding of likelihood of future harm by granting a preliminary injunction based solely on past, illegal conduct."). Here, Plaintiff's does not allege that there is a "real or immediate threat of injury" or that his past injuries mean he is likely to experience future harms. Thus, Plaintiff's Motion for a Preliminary Injunction does not establish that he has standing to pursue injunctive relief.

For these reasons, the Court denies the Motion for Preliminary Injunction.

**C.  Requests for Legal Advice, Discovery, and Subpoenas**

In the Discovery Requests, Plaintiff seeks the courts help gathering evidence to support his case. See Mot. for Legal Advice at 1–2; Req. for Subp. Advice at 1; Witness Req. at 1; Mot. for Subps. at 1; Req. for AG Conf. and Subps. at 1; Second Req. for Subp. Advice at 1, FOIL Req. at 1, FOIL Letter at 1. Plaintiff is advised that neither the Court nor the Clerk's Office may provide Plaintiff with legal advice. Instead, the Court directs the Clerk to send Plaintiff a copy of this District's Pro Se Manual and Local Rules.

With respect to obtaining camera footage and other evidence, Plaintiff may do so pursuant to the Court's order outlining a schedule for discovery. Dkt. No. 46 ("Discovery Order"). The Discovery Order outlines the terms of discovery and requires the parties to provide certain mandatory disclosures. Once Plaintiff receives mandatory disclosure from the Defendants, Plaintiff may choose to seek additional discovery by serving discovery requests on Defendants. If, after reviewing the mandatory disclosure, Plaintiff still wishes to conduct

additional discovery, Plaintiff may refer to the Federal Rules of Civil Procedure 26 through 37 for guidance in drafting and serving discovery requests.

Since discovery has not yet begun, Plaintiff's Discovery Motions are denied without prejudice as premature.

### D. Summary Judgment

On both May 30, 2024, and on June 3, 2024, Plaintiff filed letter requests seeking leave to file a motion for summary judgment. Req. to File for Summ. J., Second Req. to File for Summ. J. Despite not receiving a response from the Court, Plaintiff filed a motion for summary judgment on June 6, 2024. Mot. for Summ. J. For the reasons that follow, all three of Plaintiff's motions regarding summary judgment are denied.

While Rule 56(b) allows a motion for summary judgment to be made "at any time", courts will "routinely deny motions for summary judgement as premature when discovery over relevant matters is incomplete." Toussie, 213 F. Supp. 3d. at 445; see also Muhammad v. Annucci, No. 22-CV-6025, 2024 WL 945226, at *1 (W.D.N.Y. Mar. 5, 2024) (noting a motion for summary judgment is premature prior to discovery and submission of answers by the nonmoving party).

Since no party has begun discovery, Plaintiff's Motion for Summary Judgment is premature. Plaintiff is advised that a properly supported summary judgment may be filed after initial disclosures. Accordingly, all of Plaintiff's motions regarding summary judgment are denied.

### E. Default Judgment

Plaintiff has filed his Motion for Default Judgment on June 20, 2024. Plaintiff filed his Letter in Support of Default on June 24, 2024, filed his Second Letter in Support of Default on

8

June 26, 2024, filed his Third Letter in Support of Default on June 27, 2024, and filed his Fourth Letter in Support of Default on June 27, 2024: all four letters argued in support of the Motion for Default Judgment and sought a clerk's entry of default. For the reasons that follow, these requests are denied.

Under Federal Rule of Civil Procedure 55(a), a plaintiff can seek default judgment where the opposing party "has failed to plead or otherwise defend." A party must first seek a clerk's entry of default before seeking a default judgment. See Johnson, 2022 WL 3128996, at *4. "A motion for default judgment should not be filed unless and until . . . one or more defendants has failed to timely respond to the operative pleading in accordance with the Federal Rules of Civil Procedure." Anthony v. New York, No. 18-CV-849, 2019 WL 111041, at *5 n. 4 (N.D.N.Y. Jan 4, 2019).

Plaintiff filed for default judgment on the basis that Defendants failed to file an answer to the Summons within twenty-one days of being served. See Mot. for Default J. at 1. However, Defendants were served on May 24, 2024, and had sixty days, or until July 23, 2024, to file an answer. See Dkt. Nos. 26, 28, 29. Defendants then filed an answer on July 22, 2024. See Dkt. No. 44. Additionally, Plaintiff filed a motion for default judgment before seeking a clerk's certification of entry of default as required under Rule 55(a). While he did later request a clerk's entry of default, the Clerk did not grant default because the deadline for Defendants to answer had not yet passed. Since Defendants filed a timely answer and because Plaintiff did not properly follow the proper procedure to request default judgment, Plaintiff's requests relating to default judgment are denied.

**F. Additional Filings**

While the Court is aware of Plaintiff's pro se status and the special solicitude afforded to pro se litigants, since the Court issued the April Order, Plaintiff has filed voluminous submissions. See Dkt. Nos. 14–18, 20–25, 27, 31, and 32. In light of Plaintiff's pro se status, the Clerk of the Court accepted them for filing. The Court advises Plaintiff however, that the Court will not review those documents except to the extent that Plaintiff specifically identifies and references them in connection with a properly filed motion. The Court docket is not intended to serve as a repository for Plaintiff's records. Plaintiff is reminded that if he seeks relief from the Court, he must file a motion which complies with the Federal Rules of Civil Procedure and this District's Local Rules.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's following motions are **DENIED**: Dkt. No. 16, Dkt. No. 17, Dkt. No. 18, Dkt. No. 23, Dkt. No. 25, Dkt. No. 27, and Dkt. No. 33; and it is further

**ORDERED**, that any relief Plaintiff requests in the following letters is **DENIED**: Dkt. Dkt. No. 20, Dkt. No. 21, Dkt. No. 22, Dkt. No. 24, Dkt. No. 30, Dkt. No. 31, Dkt. No. 35, Dkt. No. 37, Dkt. No. 38, Dkt. No. 39, Dkt. No. 40, Dkt. No. 41, Dkt. No. 42, and Dkt. No. 43; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

DATED:   July 24, 2024
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge