UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

NYQUEST ALLEN,

                                  Plaintiff,

-against-                                                9:24-CV-332 (LEK/TWD)

SANDERSON, *et al.*,

                                  Defendants.

## **<u>DECISION AND ORDER</u>**

       Pro se Plaintiff Nyquest Allen commenced this action pursuant to 42 U.S.C. § 1983 asserting claims arising out of his confinement at the Onondaga County Justice Center ("Onondaga Count J.C."). Dkt. No. 1. Plaintiff filed a motion for a temporary restraining order on May 15, 2024, Dkt. No. 17, which the Court denied on July 24, 2024, Dkt. No. 48 ("July Order"). Plaintiff has now filed a second motion for preliminary injunctive relief. Dkt. No. 71 ("Motion"). Defendants oppose the Motion, Dkt. No. 76, and Plaintiff filed a reply, Dkt. No. 87 ("Reply"). For the reasons discussed in the July Order, the Motion is denied.

       The Court presumes familiarity with the law related to preliminary injunctive relief as detailed in the July Order. *See* July Order at 3–4. In his Motion, Plaintiff seeks an order preventing Connor Hanauer and Defendants Sanderson, Murphy, Apples, Saddock, and Dasilva from "having immediate access [and] potential physical contact with Plaintiff" and from "being within 100 feet of the Plaintiff." Reply at 5. Plaintiff also seeks an order enjoining Deputy V. Hujdur from having access to Plaintiff, preventing Deputy Kolakowski from "being able to handle any formal disciplinary hearing procedures pertaining to [] Plaintiff," and an order

precluding John Doe Watch Commander from being "in charge of handling matters pertaining to [] Plaintiff." *Id*.

As noted in the July Order, Plaintiff does not have standing to pursue injunctive relief, as he has not presented any evidence suggesting that there is a "real or immediate threat of injury" or that his past injuries mean he is likely to experience future harms. July Order at 6–7. Plaintiff's fear that Defendants might harm him or unfairly subject him to disciplinary action is unsupported by any specific factual allegations. This is insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015) ("Irreparable harm is 'injury that is neither remote nor speculative, but actual and imminent.'") (quoting *Forest City Daly Hous., Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999)); *Slacks v. Gray*, No. 07-CV-501, 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (concluding that "allegations of future injury without more do not establish a real threat of injury").[1]

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for a preliminary injunction, Dkt. No. 71, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     January 30, 2025
           Albany, New York

---

[1] Plaintiff originally sought an order to compel Defendants to provide the service of a notary. Mot. at 3. However, that request was withdrawn. Dkt. Nos. 74, 75. To the extent that Plaintiff attempts to request injunctive relief on behalf of his "Power of Attorney—Saio Barzee," that request is denied.

_____
LAWRENCE E. KAHN
United States District Judge